IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUAN CARDENAS-DIAZ,<br><br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 15-8858 (JBS)<br><br>[Crim. No. 10-139 (JBS)]<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, District Judge:**

Petitioner Juan Cardenas-Diaz ("Cardenas" or "Petitioner") pled guilty to a one count Indictment on April 11, 2011, for illegally reentering the United States in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2). On March July 21, 2011, the undersigned sentenced Cardenas to seventy (70) months imprisonment, to be followed by three (3) years of supervised release. Cardenas seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on four separate bases. [Docket Item 1.] For the reasons explained below, Mr. Cardenas's § 2255 petition will be dismissed as time-barred. The Court finds as follows:

1. **Factual and Procedural Background**. On April 11, 2011, Cardenas pled guilty to a single count Indictment for illegally reentering the United States in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2). United States v. Cardenas-Diaz, Crim. No. 10-139 (D.N.J.) at Docket Items 33 & 35. On July 21, 2011, the undersigned

sentenced Cardenas at the low-end of the advisory guidelines range to seventy (70) months imprisonment, to be followed by three (3) years of supervised release, and entered the final judgment of conviction that same date. Id. at Docket Items 36 & 37. Cardenas was represented by an Assistant Federal Public Defender throughout the district court proceedings, who filed a sentencing memorandum on his behalf. Cardenas-Diaz v. United States, Civ. No. 15-8858 (D.N.J.) at Docket Item 8-2.

2. On July 27, 2011, the AFPD filed a notice of appeal on behalf of Cardenas, Cardenas-Diaz, 10-cr-139, at Docket Item 38, which was voluntarily dismissed pursuant to Rule 42(b), Fed. R. App. P., on November 9, 2011. Id. at Docket Item 43. On May 22, 2012, Cardenas filed a pro se "Motion for Relief from Sentence Imposed by the Court, Filed Out of Time," wherein he alleged, among other things, that his attorney never filed a notice of appeal on his behalf and that he, therefore, did not have a fair chance to appeal his case and seek the application of a four-level downward departure adjustment to his advisory guideline range pursuant to the "Fast Track" early disposition program for illegal re-entry cases. Id. at Docket Item 44. Thereafter, Cardenas filed pro se a "Request to File a Late Appeal and Leave to Appeal In Forma Pauperis." Id. at Docket Item 45. The Court of Appeals for the Third Circuit dismissed this appeal as untimely on January 18, 2013. Id. at Docket Item 48.

3. On December 28, 2015, Cardenas filed the pending habeas petition pursuant to 28 U.S.C. § 2255 in the U.S. District Court for the District of New Jersey. [Docket Item 1.] In the petition, Cardenas raises four grounds to vacate, set aside, or correct his sentence: (1) that defense counsel was ineffective for failing to move the Court for a downward departure based on Cardenas's status as a deportable alien; (2) that defense counsel was ineffective for failing to object to information on which the sentence was based; (3) that defense counsel was ineffective for failing to argue at the sentencing hearing that the Court had discretion to depart downward under the "Fast Track" early disposition program for illegal re-entry cases; and (4) that Cardenas's right to consular notification pursuant to the Vienna Convention was violated and his sentence too long as compared with sentences for other similar crimes. [Id. at 2.]

4. Thereafter, the Court ordered Respondent to file an Answer in response to Cardenas's § 2255 petition. [Docket Item 4.] Respondent's Answer argued Cardenas's petition should be denied because: (1) the petition is time-barred pursuant to 28 U.S.C. § 2255(f)(1); (2) defense counsel was not ineffective at the sentencing phase; and (3) Cardenas suffered no prejudice. [Docket Item 8.] Respondent subsequently moved to seal certain exhibits [Docket Item 9], which the Court granted. [Docket Item 10.] Cardenas never filed any reply to Respondent's answer and, on

January 7, 2019, mail sent to Cardenas was returned as undeliverable. [Docket Item 11.] It appears that Cardenas, Inmate No. 61132-050, was released from custody on December 2, 2016. BOP Inmate Locator, available at http://www.bop.gov/inmateloc/ (last visited on March 14, 2019). He was presumably released to immigration authorities for deportation.

5. **Discussion of Law**. Under the Antiterrorism and Death Penalty Act ("AEDPA"), motions filed pursuant to 28 U.S.C. § 2255 are subject to a one-year statute of limitations. See 28 U.S.C. §§ 2244(d), 2255(f)(1). Specifically, the one-year period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. 2255(f).

6. In his petition, Cardenas did not address the lateness of his motion or argue for the application of §§ 2255(f)(2)-(4).

Accordingly, his petition is time-barred if it was filed more than one year after "the judgment of conviction became final" pursuant to § 2255(f)(1).

7. "A judgment of conviction becomes final within the meaning of § 2255 on the latter of (1) the date on which the Supreme Court affirms the conviction and sentence on the merits or denies the defendant's timely filed petition for certiorari, or (2) the date on which the defendant's time for filing a timely petition for certiorari review expires." Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999) (internal quotation marks omitted). "If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired." Id.; see also Clay v. United States, 537 U.S. 522, 527 (2003) (recognizing that a federal criminal conviction becomes "final," within the meaning of § 2255(f)(1), when the United States Supreme Court "affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires").

8. Pursuant to Rule 4(b)(1)(A)(i), Fed. R. App. P., a criminal defendant's notice of appeal must be filed in the district court within fourteen days after the entry of judgment. If a defendant's conviction is affirmed on direct appeal and he does

not file a petition for certiorari, the judgment of conviction expires ninety (90) days after entry of the court of appeals' judgment. Clay, 537 U.S. at 525.

9. Here, Cardenas's judgment of conviction was entered on July 21, 2011. His attorney timely filed a notice of appeal, which was voluntarily withdrawn and dismissed by the Third Circuit on November 9, 2011. Thereafter, Cardenas untimely filed a pro se notice of appeal, which was denied by the Third Circuit on January 18, 2013. The one-year statute of limitations period applicable to Cardenas's 2255 petition thus ran from **either** February 7, 2012 (90 days after the Third Circuit dismissed Cardenas's first notice of appeal) to February 7, 2013 **or** from April 18, 2013 (90 days after the Third Circuit denied Cardenas's second notice of appeal) to April 18, 2014. The Court need not determine under which scenario "the judgment of conviction became final" because, in either event, Cardenas's § 2255 petition, which was filed on December 28, 2015, was plainly untimely pursuant to 28 U.S.C. § 2255(f)(1).

10. **Certificate of Appealability**. AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2255 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The United States Supreme Court held in Slack v. McDaniel that "[w]hen the district court denies a habeas

6

petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." 529 U.S. 473, 484 (2000). This Court denies a certificate of appealability because jurists of reason would not find it debatable that dismissal of the petition as untimely is correct.

11. **Conclusion**. For the reasons stated above, Cardenas's § 2255 petition will be dismissed as untimely pursuant to 28 U.S.C. § 2255(f) and no certificate of appealability shall issue. The accompanying Order will be entered.


**March 14, 2019**                          **s/ Jerome B. Simandle**
Date                                         JEROME B. SIMANDLE
                                                        U.S. District Judge